THE CITY OF DALLAS CITY, Appellant, *vs.* CARL STEIN-GRABER *et al.* Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 3, 1926.*

1. SPECIAL ASSESSMENTS—*filing of petition, and motion to dismiss it, give jurisdiction of all parties.* Under the Local Improvement act the filing of a petition for confirmation of an assessment gives the court jurisdiction of the particular case and of the petitioner, and the filing of a motion to dismiss the petition amounts to a general appearance and gives the court jurisdiction of the property owners filing the motion.

2. SAME—*court should allow motion to amend petition to show copies of ordinance and estimate were attached and filed.* Where a motion is filed to dismiss a petition for confirmation of a special assessment on the ground that the petition did not have attached to it copies of the ordinance and estimate, a motion to amend the petition to show that the documents attached to and filed with it were copies of the original ordinance and estimate on file in the office of the city clerk and not the originals themselves, as they purported to be, should be allowed under section 37 of the Local Improvement act, which provides that failure to file either of said copies shall not affect the jurisdiction of the court. (*People* v. *Wabash Railroad Co.* 256 Ill. 329, distinguished.)

3. SAME—*section 48 of Commission Form of Government act does not apply to ordinances for local improvements.* Section 48 of the Commission Form of Municipal Government act, providing for a referendum of ordinances upon a petition of one-tenth of the legal voters and that the ordinance shall not take effect until

after thirty days for the purpose of allowing such petition, does not apply to ordinances for local improvements, as such ordinances are local in their nature and it was not intended they should be subject to general referendum.

APPEAL from the County Court of Hancock county; the Hon. WARREN H. ORR, Judge, presiding.

WILLIAMS & WILLIAMS, O. C. KIRKPATRICK, and HARTZELL, CAVANAGH & MARTIN, for appellant.

O'HARRA, O'HARRA & O'HARRA, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

May 23, 1925, the city of Dallas City, a municipal corporation operating under the Commission Form of Municipal Government act, filed in the county court of Hancock county a petition under the Local Improvement act praying for the confirmation of a special assessment to be levied against the property benefited to pay the cost of a system of sewers to be laid in the streets and alleys of the city. Appellees filed a motion to dismiss the petition on the grounds, among others, (1) that there was not attached to or filed with the petition a copy of the ordinance providing for the improvement, or of the recommendation of the board of local improvements, or of the estimate of cost; and (2) that the ordinance upon which the petition is based had not gone into operation and was of no force and effect when the petition was filed for the reason that thirty days had not expired after the passage of said ordinance, during which time the electors of the city had the right to present a petition for a referendum. Upon consideration of the motion the petition was dismissed, and this appeal followed.

This is a special statutory proceeding and its validity depends upon a compliance with the provisions of the statutes applicable to it. Section 37 of the Local Improvement act gives the county courts jurisdiction of the general sub-

ject of special assessments and their confirmation. The filing of the petition in this case gave the court in which it was filed jurisdiction of the particular case and of the petitioner. (*Village of Elmwood Park* v. *Mills & Sons,* 311 Ill. 136.) The filing of the motion to dismiss amounted to a general appearance and gave the court jurisdiction of appellees. (*People* v. *Bloomington Cemetery Ass'n,* 266 Ill. 32.) The ordinance, recommendation of the board of local improvements and estimate of cost, which are attached to the petition and filed as a part thereof, appear to bear the signatures of the mayor and the commissioners, which would indicate that they are the originals and not copies. Further evidence of this fact is found in the certificate of the clerk attached to the ordinance, which does not purport to be a certificate to a copy. The first motion to dismiss was filed August 5, 1925. September 1 the petitioner asked leave to amend the certificate attached to the ordinance, the recommendation and the estimate so as to show that the documents filed were true and correct copies of the originals on file in the office of the city clerk. This motion was denied, and appellees seek to sustain it on the ground that there was nothing on which to base an amendment, for the reason that nothing appeared from the ordinance itself, or the certificate attached thereto, which showed the ordinance attached to the petition to be a copy. In support of this contention they cite *People* v. *Wabash Railroad Co.* 256 Ill. 329, and other cases involving an objection to a city tax. Such cases are not in point. Those cases hold that the filing of the original tax levy ordinance instead of a copy does not authorize the county clerk to extend the tax, the basis of the holding being that the sole authority to extend the tax is the certified copy of the tax levy ordinance and that nothing can take its place. Following the requirement that the petition be accompanied by a copy of the improvement ordinance, the recommendation and the estimate, section 37 of the Local Improvement act states that "the fail-

ure to file any or either of said copies shall not affect the jurisdiction of the court to proceed in said cause and to act upon said petition." This being true, the court had the power to grant leave to amend the petition by correcting errors in the exhibits attached to and made a part of it, (*City of Decatur* v. *Barteau,* 260 Ill. 612; *Galt* v. *City of Chicago,* 174 id. 605;) and it also had power to grant leave to amend the certificate attached to the ordinance to show that it was, in fact, a copy of the original. A case analogous to this is *Boyle* v. *Carter,* 24 Ill. 50, which holds that the filing of the original promissory note is a compliance with that section of the Practice act which requires the filing, with the declaration, of a copy of the written instrument on which the action is based. It is the filing of the petition that gives the court jurisdiction of a particular case. The requirement that the ordinance, recommendation and estimate be filed with the petition is for the purpose of advising the property owners of the preliminary steps that have been taken, so as to enable them to properly prepare their defense if they choose to file objections to the confirmation of the special assessment. Section 37 further provides: "If it shall appear in any such cause that such copies have not been attached to or filed with said petition before the filing of the assessment roll therein, then, upon motion of any objector for that purpose on or before appearance day in said cause the entire petition and proceedings shall be dismissed." This means that if no copies of the ordinance, recommendation and estimate have been filed the petition shall be dismissed, but it does not mean that the court cannot, in its discretion, authorize an amendment to the petition, or the copies attached thereto, which will not prejudice the rights of the objectors. The ruling of the court denying leave to amend the certificate to the copies attached to the petition was error.

Treating the motion to dismiss the petition as a general demurrer, it presents the question whether section 48

of the Commission Form of Municipal Government act applies to proceedings under the Local Improvement act. We have held that section 33 of the former act, which provides that every ordinance ordering a street improvement or sewer shall remain on file with the city clerk for public inspection, complete in form, at least one week before it is adopted, applies to an ordinance ordering an improvement under the Local Improvement act. (*City of Ottawa* v. *Hulse,* 317 Ill. 276.) Section 33 deals with steps to be taken to legally adopt an ordinance, but it does not purport to limit the effect of the ordinance after it has been adopted. Section 48, however, provides: "No ordinance passed by the council, except when otherwise required by the general laws of the State or by the provisions of this act, except an ordinance for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency and is passed by a two-thirds vote of the council, shall go into effect before thirty days from the time of its final passage, and if during said thirty days a petition signed by the electors of the city or village equal in number to at least ten percentum of the entire vote cast for all candidates for mayor at the last preceding general municipal election at which a mayor was elected, protesting against the passage of such ordinance, be presented to the council, the same shall thereupon be suspended from going into operation, and it shall be the duty of the council to reconsider such ordinance; and if the same is not entirely repealed, the council shall submit the ordinance as provided in subsection (*b*) of section 47 of this act, to a vote of the electors of the city or village, either at the general election or at a special election to be called for that purpose; and if such petition protesting against the said ordinance is filed then such ordinance shall not go into effect or become operative unless a majority of the qualified electors voting on the same shall vote in favor thereof." Did the legislature intend that this section should apply to local improve-

ment ordinances? Unless we are compelled by the general language of the section to give it that effect we ought not to impute to the legislature such an absurd intent. It is very rare that a local improvement affects all of the tax-payers of a city. Ordinarily the cost of conducting a special election on such a referendum would far exceed the amount assessed against the public as public benefits. In most cases arising under the Local Improvement act the territory involved and the number of property owners interested are insignificant in comparison with the whole city. Can it be possible that the legislature intended that the people of the city of Springfield should have the right to vote on the question whether an alley through one block should be paved or whether a sidewalk should be laid in front of the property in another block? It is not conceivable that a useful purpose could be served by such an election, but it is clear that the application of section 48 to ordinances providing for local improvements would, in effect, destroy the usefulness of the Local Improvement act in cities that have adopted the commission form of municipal government. Section 60 of the act provides that "nothing contained in this act shall in any way repeal, amend or affect the law pertaining to the making of local improvements." We can not conceive of anything that would more directly and disastrously affect this law than the application of this referendum section, and so we hold that it was not intended by the legislature to apply to ordinances authorizing improvements under the Local Improvement act.

Other questions are suggested in the brief of appellees, but they do not arise on this proceeding. They can arise only on objections filed to the confirmation of the assessment roll.

The judgment is reversed and the cause remanded to the county court of Hancock county for further proceedings.

*Reversed and remanded.*