(No. 18628.—

THE VILLAGE OF LAGRANGE PARK, Appellee, *vs.* G. H. HESS *et al.* Appellants.

*Opinion filed October 25, 1928.*

DANIEL S. WENTWORTH, and HENRY O. NICKEL, for appellants.

BRANNAN, MALONEY & WOOSTER, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, the village of LaGrange Park, filed its petition in the county court of Cook county for a special assessment for the re-paving of certain streets. Objections were filed to the assessment, there was a hearing, and a judgment of confirmation was entered. Later, motions were made by appellants to vacate the judgment of confirmation and the order overruling legal objections. The motions were denied and an appeal has been prosecuted to this court, the only question for review being the refusal of the court to vacate the judgment of confirmation and the order overruling the legal objections.

A preliminary motion has been made by appellee to dismiss the appeal on the ground that it was not prosecuted in compliance with the order of the court and as provided in section 95 of the Local Improvement act. Section 95 provides that the court may allow an appeal either jointly upon a joint bond or severally upon several bonds, as may be specified in the order allowing the same. The order granting this appeal is for an appeal jointly, or severally, or by any or all of the objectors. The motion to dismiss is on the ground that this appeal is joint and that less than all of the objectors and more than one of them joined in the

appeal. A cross-motion has been made by appellants to dismiss the appeal as to certain appellants whose names were signed to the appeal bond but who filed no objections and were not included in the order for the appeal. In support of its motion appellee cites *City of Momence* v. *Kirby,* 315 Ill. 138. In that case the order for the appeal was joint or several. Thirty-two objectors prosecuted one appeal and twenty-five objectors prosecuted another appeal. Three persons who filed no objections joined in one of the appeals and filed a cross-motion to dismiss as to them, which motion was allowed. This court dismissed the appeal on the ground that it was neither joint nor several but was, in fact, two joint appeals. It was held that the intent of the statute was that as many objectors as desire to appeal might do so jointly or they might prosecute separate appeals; that it is not necessary for all persons who objected to join in the appeal but those who desire to appeal might do so jointly, or if for any reason they desire to do so they might be authorized to prosecute separate appeals. The holding in that case is conclusive of the questions here presented. The order for the appeal in this case was jointly or severally by any or all of the objectors. The appeal is joint as to part of the objectors and is within the terms of the order. (*Village of Dolton* v. *Dolton Estate,* 331 Ill. 88.) The motion to dismiss will be denied and the cross-motion to dismiss as to the appellants therein named will be allowed.

The objections to the assessment were filed by George P. Foster, Jr., an attorney. He employed Daniel S. Wentworth to try the legal objections. The hearing on these objections was concluded on August 29, 1927, and the court stated that he would overrule the legal objections at two o'clock that day if counsel so desired, but if the case was not to proceed to an immediate hearing on the question of the distribution of costs he would take the case under advisement and further consider some of the objections. A discussion then took place as to when the case should be finished. Counsel

for appellee stated that he was ready to proceed. Wentworth stated that he was planning to leave the city the following day for ten days or two weeks on account of his hay fever and would not be able to proceed until he returned. Counsel for appellee objected to a continuance and insisted that Foster proceed with the case or that appellants be required to obtain other counsel; that there was an immediate demand for the improvement and there was no sufficient excuse for a continuance. Wentworth insisted that the case be continued to September 14, but the court set the hearing for September 7 and stated that he was allowing the continuance in order that some other attorney would have time to become familiar with the case. The case was not reached on September 7, but on September 8, which was during the August term, the hearing proceeded. George P. Latchford, Jr., an attorney who was present in court at the conclusion of the legal objections and who then stated that he was not an attorney in the case, appeared for the objectors. On September 8 the legal objections were overruled. No exceptions to the order were taken and no order for a bill of exceptions was requested. On September 12, which was during the September term, the objectors appeared by their attorney, Latchford, and waived further controversy, a judgment was entered confirming the assessment and an appeal was prayed and allowed. Wentworth returned from his vacation on September 12 and learned what steps had been taken. On October 7, which was during the September term, a motion was made by Latchford to vacate the order of September 12. On October 15, which was during the October term, a motion was made by Wentworth to vacate the order of September 8, and both motions were continued until October 20. In support of these motions affidavits were filed by Latchford and Wentworth. The Wentworth affidavit set up the facts substantially as above stated. It alleged that affiant told the court that if before his return it became necessary to have a hearing on the dis-

tribution of costs, arrangements might be made with Latchford, but that, inasmuch as an appeal was to be taken should the decision be as indicated by the court, there was nothing to be gained by a hearing on the remaining issues until the middle of September. Latchford in his affidavit alleged that he introduced evidence on the question of the distribution of costs; that at the close of the evidence the court overruled the legal objections but no draft order was at that time presented; that on September 12, after a conference, he agreed to waive further controversy and prayed an appeal; that at no time was there any intent on his part to waive an appeal on the legal objections tried by Wentworth. On the hearing of the motions to vacate, appellants insisted that there was a want of jurisdiction in the court because of irregularities in the proceedings before the board of local improvements and before the board of trustees in the passage of the ordinance and in its publication; that the ordinance was indefinite and uncertain and was not in compliance with the statute. The court overruled the motions to vacate the judgment of confirmation and the order overruling the legal objections, and this appeal followed.

As ground for reversal it is urged that it was within the discretion of the court to vacate the orders of September 8 and 12; that the latter order was entered through a misunderstanding of the attorney for appellants; that there was a want of jurisdiction in the court because of the irregularities as above stated. There was no want of jurisdiction because of irregularities in the proceedings. Under the statute the county court is given jurisdiction of the general subject matter of special assessments and their confirmation. The filing of the petition gave the court jurisdiction of this particular case and of the petitioner. The giving of the statutory notice gave jurisdiction over the property owners, and their appearance subjected them to the jurisdiction of the court. The objections urged did not go to the question of the jurisdiction of the court but

the objections only went to the regularity of the proceedings. The mode prescribed by statute for making a special assessment must be followed. (*City of Dallas City* v. *Steingraber,* 321 Ill. 318; *City of Chicago Heights* v. *Angus,* 267 id. 628; *Clarke* v. *City of Chicago,* 185 id. 354.) The fact that there might be irregularities in the proceedings before the board of local improvements or the board of trustees or in the publication of the ordinance did not deprive the court of jurisdiction over either the subject matter or the parties. If no objections are made to irregularities, omissions and failure to comply with the statute, the defects are waived and the judgment of the court is valid and not subject to collateral attack. (*Springer* v. *City of Chicago,* 308 Ill. 356; *Village of Elmwood Park* v. *Mills & Sons,* 311 id. 136.) When appellants filed their legal objections they presumably included all of the irregularities and failures to comply with the statute which they desired to have considered in the hearing on the legal objections. If they did not include all of these objections those not included were waived. It is apparent that the legal objections as originally filed included most, if not all, of the objections which are now being urged on the motions to vacate. The court was asked to again pass on the identical objections which had been overruled. The objections that there were irregularities in the proceedings added no weight to the motion to vacate the judgment and set aside the order overruling the legal objections.

Whether or not a court should vacate and set aside judgments and orders previously made rests in the sound legal discretion of the court, depending upon the facts presented. It is only where that sound legal discretion has been abused or improperly exercised that a court of review will reverse a judgment based on such a proceeding. (*Treutler* v. *Halligan,* 86 Ill. 39.) When the legal objections were heard there were at least two lawyers who were interested in the matter, and a third lawyer was in court who afterwards

represented the objectors in the further hearings. At the close of the hearing on the legal objections the court indicated that he was going to overrule them. A conversation then took place between court and counsel relative to the further hearing of the case. It is apparent that the court was of the opinion that the matter should not be further delayed, but in order to enable other attorneys to familiarize themselves with the facts a continuance of a week was granted. There was no misunderstanding as to this continuance. When the case was called for hearing appellants appeared by their attorney, there was a hearing, the legal objections were overruled, no exceptions were taken to the order and no request was made for a bill of exceptions. This order was entered within two days of the last day of the August term and the cause was continued to September 12 on the question of benefits. On that day counsel for appellants waived all further controversy, the court entered an order confirming the assessment, and this appeal was prosecuted. The same day this order was entered Wentworth returned from his vacation and learned what steps had been taken, but it was not until October 7 that any motion was made to vacate the orders. In the meantime the board of local improvements had advertised for bids and had let a contract. When the motion was finally made to vacate the orders and judgment, notice was served on the contractors as provided in section 56 of the Local Improvement act. It is apparent that the only purpose of these motions to vacate is that a bill of exceptions may be secured for an appeal on the legal objections. Why exceptions were not taken to the order overruling the legal objections and why a request was not made for a bill of exceptions during that term does not appear from the record. Section 56 of the Local Improvement act provides that after the contract for the work has been entered into, no judgment shall be vacated or modified at a term subsequent to that at which the judgment was rendered, without the con-

sent of the contractor. The legal objections were overruled during the August term and the motion to vacate that order was entered at the September term. The judgment of confirmation was entered during the September term but the motion to vacate was not made until the October term. We are unable to find any respect in which the court abused or improperly exercised its discretion in ruling on these motions.

The judgment will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*