(No. 19449, )

THE CITY OF BELLEVILLE, Appellee, *vs.* GOLDIE MILLER, Appellant.

*Opinion filed April 17, 1930—Rehearing denied June 5, 1930.*

JAMES O. MILLER, and CLYDE D. MILLER, for appellant.

L. N. NICK PERRIN, JR., City Attorney, and P. K. JOHNSON, (THEODORE E. KIRCHER, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, the city of Belleville, filed its petition in the county court of St. Clair county for the condemnation of certain land and the levy of an assessment under the Local Improvement act for the construction of a sewer. Legal objections were overruled. A jury confirmed an assessment of $26 against each of nine lots owned by appellant, Goldie Miller, and an appeal has been prosecuted to this court.

The improvement was known as the Richland creek outlet and intercepting sewer. It was to be used as a collecting sewer for all existing sewers which had an outlet into Richland creek and all sewers tributary thereto. It extended from the north part of the city to a septic tank just south of the corporate limits. Property was to be condemned for a right of way within the city and for a short distance south of the city to the entrance to the septic tank. The territory benefited was within the city and included property which by reason of its location was able to be connected with the improvement. About 7000 properties were assessed. The pipe specified was of two kinds. The 36-inch and 42-inch type was known as pre-cast, reenforced concrete sewer pipe of the bell-and-spigot type. Appellant claims this pipe was patented and prohibited competition. The smaller pipe was to be vitrified clay pipe, and occasionally segmental tile and cast-iron pipe of similar design.

The legal objections were heard by Judge D. D. McCarty. The evidence of the city engineer was taken at this

hearing and the legal objections were overruled. A jury was impaneled under Judge W. R. Weber, and there was a hearing as to damages and benefits but the jury was unable to agree. Another jury was impaneled, which confirmed the assessment as to the property of appellant but made certain deductions as to other property.

Appellant insists that this sewer is not a local improvement because territory outside of the city is especially benefited and is not included in the district, nor is it assessed; that the sewers of the village of Swansea and of the county farm, both of which are outside of the city, will empty into this outlet sewer and they will receive benefits without paying therefor; that assessments were originally levied against each of them but the assessments were held invalid by the court; and that an assessment for this improvement can only be made by the city, county and village forming a drainage district and having benefits assessed against all parties benefited.

There is nothing in the ordinance, specifications or plans for this work which shows any connection between this improvement and the village of Swansea or the county farm. They are connected with the project only as shown by the evidence of the city engineer, who testified that the village, through some arrangement or contract with the city, had been running its sewage into a lateral sewer of the city known as the North Illinois street sewer, and that sewage from the county farm passes into a lateral sewer along Caseyville avenue. If this arrangement continues after the improvement is put in, the sewage of the village and of the county farm will enter into the new sewer, because all laterals now flowing into Richland creek will be connected with the new sewer. There is no evidence as to the terms of any agreement under which sewage from the village or the county farm passes through the sewerage system of the city or that such arrangement will continue after this improvement is put in. The testimony of this

witness merely shows the present connections and that they may continue. He has no authority to make a contract with the village or the county relative to sewage. Any arrangement which may be made will have to be made by the proper authorities, and it must be legal. Any use by the village or county of the sewers of the city is temporary and permissive, subject to being terminated not only by the city, but, if it is illegal, on complaint of any citizen or taxpayer. The fact that the city might be violating the statute in allowing the present condition to continue does not affect the right of the city to build an outlet sewer by special assessment. The fact that the village and county will be benefited by the improvement does not indicate that the project is not a local improvement. If the improvement will benefit outside territory that benefit is a general benefit. A general benefit to property does not destroy the local character of an improvement if there is special benefit to adjacent property. In *Village of Downers Grove* v. *Bailey,* 325 Ill. 186, the question as to what constituted a local improvement was fully considered. It was held that whether an improvement is local or general depends upon the nature of the work, the situation of the improvement, the surrounding conditions, and whether substantial benefits to be derived therefrom are local or general in their nature. If the purpose and effect of the improvement are to improve a locality it is a local improvement although there is an incidental benefit to the public, but if the primary purpose and effect are to benefit the public it is not a local improvement although it may incidentally benefit property in a particular locality.

In support of the contention that this is not a local improvement appellant cites *Loeffler* v. *City of Chicago,* 246 Ill. 43, and *Harmon* v. *Village of Arthur,* 309 id. 95. Neither case is conclusive of the question. In both cases the municipality seeking to make the improvement had joined with other municipalities in a common enterprise

outside of the scope of the Local Improvement act. It was held that a local improvement must be entirely within the limits of the city, but in the construction of a sewer a city has the right to extend the sewer outside of the city limits in order to obtain an outlet. The improvement in this case is wholly within the municipality, except the southern portion extends to an existing treatment plant. It is under the exclusive control of the city and is primarily for the benefit and advantage of the city. While it may benefit the county and the village to a certain extent it is nevertheless a local improvement, and the petition was properly filed under the statute.

After the jury trial on benefits and damages, a written motion was filed by appellant asking leave to introduce further evidence and to make specific certain legal objections filed prior thereto on the ground that the pre-cast sewer pipe specified in the ordinance was not available to all contractors; that the process of making it was a monopoly and would prevent full and free competition in bidding and would enhance the cost of the improvement. The motion was stricken from the record and that ruling is assigned as error. The ordinance was passed on March 7, 1928, and the plans and specifications were a matter of public record prior to that time. Sixty legal objections were filed. There was a hearing on these objections on July 20, 1928. There was a trial of benefits before a jury on August 20 to 24 and another trial on September 19 and 20. Appellant's motion was not filed until October 16, 1928, which was seven months after the ordinance and specifications were made public and several months after repeated and prolonged hearings on every feature of the case. The court, in denying leave to re-open the hearing, could only have been in error in the event that the refusal was an abuse of discretion. (*Village of LaGrange Park* v. *Hess,* 332 Ill. 236.) In order to excuse this long delay an affidavit by one of the attorneys for appellant was attached

to the motion. The affidavit recited that affiant did not receive the information that the specifications infringed certain patents until October 4, 1928. He does not state what steps were taken by him to ascertain this fact prior thereto or give any reason why he did not learn of it sooner. He alleged that he learned of it in a letter from George D. C. Lenth, who is a consulting engineer of the Clay Products Association. The letter was made part of the affidavit and recites that Lenth received a copy of the specifications on October 1, and that in his opinion, from a reading of the specifications, there is but one type of re-enforced concrete pipe made that meets the requirements and that the person who wrote the specifications had in mind one particular kind of pipe; that this pipe is a fabrication under a patent which is very similar to a patent issued to one Phelan on March 25, 1915. The affidavit further alleged that upon the affiant receiving the letter he consulted one McCurdy, a qualified engineer of Belleville, who informed affiant that he would testify that the specifications described a patented process owned and controlled by the Independent Pipe Company of Indianapolis, which would limit the bidders. Affiant alleged that he made this defense at the first and only opportunity he had to present his legal objections; that on July 20, 1928, there was a hearing on legal objections without notice to him, and that, while other attorneys appeared, he was not present and did not present these objections. When this affidavit and motion are considered as a whole they fail to show due diligence on the part of appellant. There must, of necessity, be some reasonable limit within which legal objections in a case of this kind should be filed and evidence presented thereunder. This case was in process of hearing for almost four months before the legal objections were overruled. Two months elapsed between the hearing on the legal objections and the hearing on benefits. This motion was not filed until a month later. The court did not abuse its discretion in refusing to open the

case and permit additional legal objections to be filed and to take evidence thereunder.

There is no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*