277 P.2d 805

**L. E. DEWEY et al., Plaintiffs and Appellants,**

**v.**

**DOXEY–LAYTON REALTY CO. et al., Defendants and Respondents.**

No. 8212.

Supreme Court of Utah.

Dec. 20, 1954.

2

Richards, Bird & Bushnell, Salt Lake City, for appellants.

Harold N. Wilkinson, Wayne Christ-offersen, Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

From judgment entered pursuant to an order sustaining defendants' motion to dismiss the amended complaint, plaintiffs appeal, contending that, as property owners, they have a right to initiate a residential rezoning ordinance and that, pending a vote on the matter, they are entitled to an injunction to prevent the building of business property and/or a judicial declaration that no vested rights will be acquired by present builders should the initiative petition be successful.

According to the complaint, property in the area of Foothill Drive between 13th South and 17th South in Salt Lake City was purchased by present owners prior to any zoning and at a time when it was a part of Salt Lake County. In 1950, it was zoned by the County as "Residential B-3," which classification permits retail commercial development. In 1951, it was annexed to Salt Lake City. In 1952, plaintiffs filed a petition with Salt Lake City to rezone this land "Residential A" and a public hearing thereon was held March 19, 1953.

The petition was denied by the City Commission on August 4, 1953; whereupon plaintiffs began circulating their initiative petition and gave notice to defendant Doxey-Layton Company, owner of property projected for business development, that the petition was being circulated and would be filed by the month of October. The petition was complete with more than the required number of signatures on September 30, 1953, and was filed with the Salt Lake City Recorder. On October 6, 1953, defendant Doxey-Layton Company filed application for a building permit to erect a service station in that area and on October 8, the permit was granted by the municipal defendants.

The power to initiate legislation was reserved to the people of the State and to the people of any legal subdivision of the State by an amendment to the Constitution of Utah in 1900, Article VI, Section 1, which provides as far as is here pertinent:

"The Legislative power of the State shall be vested:

\*　　\*　　\*　　\*　　\*　　\*

"2. In the people of the State of Utah, as hereinafter stated:

\*　　\*　　\*　　\*　　\*　　\*

"[Paragraph 2] The legal voters or such fractional part thereof as may be provided by law, of any legal subdivision of the State, under such conditions and in such manner and within such time as may be provided by law, may initiate any desired legislation and cause the same to be submitted to a vote of the people of said legal subdivision for approval or rejection, or may require any law or ordinance passed by the law making body of said legal subdivision to be submitted to the voters thereof before such law or ordinance shall take effect."

U.C.A.1953, 20–11–22 and 20–11–23 set forth the manner of exercising the initiative privilege and plaintiffs contend that upon compliance with these provisions, they may initiate any ordinance which is properly legislative rather than administrative, Keigley v. Bench, 97 Utah 69, 89 P.2d 480, 122 A.L.R. 756, and that zoning is a legislative function, Walton v. Tracy Loan & Trust Co., 97 Utah 249, 92 P.2d 724. However, a survey of the cases involving initiative and referendum petitions indicates that the line drawn between administrative and legislative functions is not the only limitation recognized by the courts as to the applicability of direct legislation to particular ordinances.

In State ex rel. Keefe v. City of St. Petersburg, 106 Fla. 756, 145 So. 175, it was held that the referendum provisions were not intended to apply to appropriation ordinances required by state law, for the reason that to hold otherwise would make operation under the budgetary system, provided for by the charter, impossible and because matters of financial management were peculiarly within the special knowledge of responsible city officials. Other appropri-

ations and tax levying ordinances have been held to be outside the operation of referendum provisions in Denman v. Quin, Tex.Civ.App., 116 S.W.2d 783, (tax levying under state law provision held to be merely administrative; also, the technical nature of the subject matter precluded operation of the referendum), Burkett v. Youngs, 135 Me. 459, 199 A. 619 (assessment of taxes was held not to be subject to referendum as being a matter of concern affecting the state as a whole and not solely municipal in character) and Swain v. Fritchman, 21 Idaho 783, 125 P. 319 (the fact that the statute provided that tax levy ordinances were to take effect immediately indicated that such ordinances were intended by the legislature to be excluded from the provisions of the referendum).

■ Of course, an ordinance proposed by the electors of a city under the initiative law must constitute such legislation as the legislative body of the city has the power to enact under the law defining the powers of such body. In Baum v. City of St. Louis, 343 Mo. 738, 123 S.W.2d 48, it was held that ordinances initiated by petition regarding the acquisition of a municipal transportation system were not within the powers of the legislative body inasmuch as the charter prohibited the adoption of ordinances pertaining to public works or improvements unless they were prepared and recommended by the board of public service. It has likewise been held that ordinances granting franchises are not subject to initiative

where the power was granted to the legislative body of the city to be exercised exclusively by it. Lindsley v. Dallas Consol. Street R. Co., Tex.Civ.App., 200 S.W. 207; Newsom v. Board of Sup'rs of Contra Costa County, 205 Cal. 262, 270 P. 676.

Where an amendment to the city charter provided for the reservation in the people of the city of the powers of initiative and referendum as to any matter within the realm of municipal affairs, and a concurrent amendment adopted at the same time gave to the city council the power to license, tax, and regulate the selling of liquor, the power to grant licenses was held not to be subject to the referendum provision because such power was exclusively vested in the council. Hartig v. City of Seattle, 53 Wash. 432, 102 P. 408.

Where the power to regulate utility rates is given to the municipality by general law or charter provision setting out the procedure to be followed and providing for notice and hearings to the persons affected by such regulation, ordinances dealing with the fixing of rates are generally held to be outside the operation of initiative and referendum laws. In Southwestern Tel. & Tel. Co. v. City of Dallas, 104 Tex. 114, 134 S. W. 321, 322, the court held that the phrase "any proposed ordinance", contained in the provision setting out the procedure for the application of the initiative power, did not include all ordinances upon any subject of legislation and that an initiated ordinance

fixing maximum telephone rates was invalid since the city charter gave the legislative body of the city the power to regulate utility rates only after notice and fair hearings to the person affected. To the same effect are Dallas R. Co. v. Geller, 114 Tex. 484, 271 S.W. 1106 and City of Dallas v. Dallas Consol. Electric Street R. Co., Tex.Civ. App., 159 S.W. 76.

In Dallas City v. Steingraber, 321 Ill. 318, 151 N.E. 888, it was held that an ordinance relating to installation of sewers was not within the referendum statute on the basis that an application of referendum would destroy the usefulness of the Local Improvement Act. Also in accord are Chase v. Kalber, 28 Cal.App. 561, 153 P. 397 and City of Globe v. Willis, 16 Ariz. 378, 146 P. 544. See 122 A.L.R. 773.

As to zoning ordinances, although there are many cases which apply the provisions of a referendum act, Jackson v. Denver Producing & Refining Co., 10 Cir., 96 F.2d 457, State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294, Dwyer v. City Council of Berkeley, 200 Cal. 505, 253 P. 932, we have not been cited to a case where zoning by initiative was accepted by the courts. In point on this matter and holding that the constitutionally reserved power of initiative does not apply to a zoning ordinance are the California cases of Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308 and Saks & Co. v. City of Beverly Hills, 107 Cal.App.2d 260, 237 P.2d

32. The Hurst case reasoned as follows [207 Cal. 134, 277 P. 311]:

"It is the established law of this state that an ordinance proposed by the electors of a county or of a city in this state under the initiative law must constitute such legislation as the legislative body of such county or city has the power to enact under the law granting, defining and limiting the powers of such body. * * * The Zoning Law vests in the legislative body of the city broad discretionary power, but when the method for the exercise of the power is prescribed by the statute such method is the measure of the power to act. * * * The Legislature may have considered, and very properly so, that in the enactment of a zoning ordinance property rights might be seriously affected. * * * the requirement, of notice and hearing provided by the statute may not be treated lightly or at all disregarded. When the statute requires notice and hearing as to the possible effect of a zoning law upon property rights the action of the legislative body becomes quasi judicial in character, and the statutory notice and hearing then becomes necessary in order to satisfy the requirements of due process and may not be dispensed with.

"Whether the requirements of the Zoning Act as to notice and hearing could be complied with in the enactment of an ordinance by the board of

trustees pursuant to the demand of the initiative petition that the proposed ordinance be passed without alteration or amendment need not be passed upon. It would seem to be an idle proceeding for the board of trustees, after an initiative petition is presented to it, to enter upon an investigation as to a proper zoning plan, give notice and conduct hearings for the benefit of interested property owners and the public in general and at the conclusion of its deliberations have no power to change the terms of the proposed ordinance. The initiative law and the zoning law are hopelessly inconsistent and in conflict as to the manner of the preparation and adoption of a zoning ordinance. The Zoning Act is a special statute dealing with a particular subject and must be deemed to be controlling over the initiative, which is general in its scope."

Although California's provision for initiative is as unlimited in its scope as ours and the California statute providing for procedure for zoning is comparable to ours, appellants argue that this case is not controlling inasmuch as the California court did not spell out the constitutional question involved. The power reserved to the people to legislate by means of the initiative and referendum is found in the State Constitution and hence, according to appellant, is supreme as to laws enacted by the various lawmaking bodies of the state. With this we agree, but we cannot give the principle the application contended for by appellant.

The mere fact that the Constitution reserves legislative power to the people does not preclude the legislature from acting within its power, also granted by the Constitution, upon the same matters. As was said in State ex rel. Richards v. Whisman, 36 S.D. 260, 154 N.W. 707, 709, L.R.A. 1917B, 1:

"As we view this constitutional amendment, there is nothing therein contained which, either expressly or impliedly, in any degree, conflicts with, inhibits, limits, abridges, or prohibits any part of the legislative power originally granted to it to enact, amend, or repeal any law which it might have enacted before the adoption of this amendment. The fact that the people themselves may propose or enact laws in connection with the Legislature in no manner conflicts with or prohibits the Legislature from itself also enacting the same law that might be desired by the people."

In the present case, the legislature has delegated the power to zone to the legislative bodies of cities and towns, so that the need for a comprehensive plan might be met, and provided means for the protection of private property through notice and public hearings. U.C.A.1953, 10-9-1 ff. Thus, when appellants seek to initiate rezoning within the city without complying with the zoning statute, they are, in effect, attacking

collaterally the very statute under which they claim their power to zone. The validity of a zoning statute may not be raised in a proceeding before the zoning authorities because of their lack of authority to determine that question and because the applicant may not attack the validity of the statute or ordinance under which he is seeking relief. Carter v. City of Bluefield, 132 W. Va. 881, 54 S.E.2d 747; Baddour v. City of Long Beach, 279 N.Y. 167, 18 N.E.2d 18, 124 A.L.R. 1003.

Appellants agree that the legislative body of the city has broad discretionary powers with regard to zoning of the city and that such body could not zone without complying with the procedural due process afforded by the statute. For the same reason, the electors of the city cannot by-pass those provisions of the statute as long as the zoning statute remains in force. The state legislature has here acted within its powers and unless that general law is affected by repeal or amendment by the legislature, or by referendum or initiative by the people of the state, the statute guides the zoning process of the cities and directs the means by which it is to be accomplished.

Inasmuch as the ordinance sought by appellants would be invalid as not complying with the statute, even if successful, the trial court did not err in dismissing the action. Affirmed. Costs to respondents.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.