Morris J. Larson, Plaintiff-Appellant, v. W. C. Furnas et al., Defendants-Appellees.

Gen. No. 10,790.

Second District.
February 17, 1955.
Released for publication March 8, 1955.

Cooper & Donat, of Batavia, for appellant; Richard L. Cooper, and Anthony F. Donat, both of Batavia, of counsel.

Emil J. Benson, of Batavia, and Charles H. Redman, of St. Charles, for appellees.

PER CURIAM.

Morris J. Larson started a suit in the circuit court of Kane county, against W. C. Furnas and others, asking for an injunction against the defendants from

interfering with his using a right of way over the property of the defendants. The case was tried upon a bill and answer and a stipulation as to the facts. The court granted the injunction. After the decree had been signed and in less than thirty days thereafter, W. C. Furnas and his wife, Leto Furnas, filed a petition to set aside the order granting the injunction, on the ground that there was a mistake of fact in the stipulation, and on account of newly discovered evidence. Morris Larson filed a motion to strike this petition. The court overruled the motion, granted the prayer of the petition and vacated the order of injunction. It is from this order that the appeal has been perfected to this court.

In Larson's original complaint it is alleged as to the title to the land of Larson and the other parties, that there was a unity of title between the plaintiff and the defendants, and therefore he was entitled to a right of way over the premises of some of the defendants. This was denied by the Furnases in their answer, but a stipulation was entered into between the parties stating that there was a unity of title. In the petition of W. C. Furnas and Leto Furnas, which was supported by affidavit, it is stated that this was a mistake of fact and that in their newly discovered evidence, the record shows that there was not a unity of title between the parties. The motion to strike admitted these facts to be true, and it is not claimed in any way by the appellant that it is not true.

██ Appellant's main contention is that the court was without authority to open up this decree and permit the appellees to show that there was a mistake in the stipulation. This same question has been before the courts many times. In the case of People ex rel. Elliott v. Benefiel, 405 Ill. 500 the same question was before the Supreme Court and we there find the following: "We next proceed to inquire whether the

59

trial court should have set aside the judgment and granted a new hearing. The rules of practice provide that the Court, in its discretion, may, within thirty days after entry thereof, set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable. (Ill. Rev. Stats. 1947, ch. 110, par. 174 (7) [Jones Ill. Stats. Ann. 104.050, subd. (7)].) In interpreting this language we have held that whether or not a court should vacate and set aside judgments and orders previously made generally rests in the sound discretion of the court, depending on the facts presented. (Village of LaGrange Park v. Hess, 332 Ill. 236; People ex rel. Wilson v. Chicago, Paducah and Memphis Railroad Co., 301 Ill. 135.) In this case, appellant's motion, based upon facts which showed that his disqualification no longer existed, was filed within thirty days after the judgment of ouster. Under the peculiar circumstances existing in this record, we believe that the motion to set aside the judgment and further hear and consider the cause should have been allowed."

In the case of Village of LaGrange Park v. Hess, 332 Ill. 236, we find the following: "Whether or not a court should vacate and set aside judgments and orders previously made rests in the sound legal discretion of the court, depending upon the facts presented, and it is only where such discretion has been abused or improperly exercised that a court of review will reverse a judgment based on such a proceeding."

■ As before stated, it is not disputed on this appeal that the original injunction was based upon a misstatement of the fact; namely, that there was a common source of title between the parties. Now it is admitted that that statement is not borne out by the records in the case. Courts are for the purpose of adjudicating the rights of parties according to the facts in each particular case, and under the facts in

this case we are satisfied that the trial court did not abuse his discretion in setting aside and vacating the order of injunction and dismissing the suit at the cost of the plaintiff. The judgment therefore should be and is affirmed.

Affirmed.