### KORASH *v* LIVONIA

1. MUNICIPAL CORPORATIONS—ZONING—INITIATIVE.

The power of initiative provided in a city charter pursuant to the home rule act does not include the power to amend the municipal zoning ordinances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 58 Am Jur, Zoning § 9.
  Character or subject matter of ordinance within operation of initiative and referendum provisions. 122 ALR 769.

2. ZONING—INITIATIVE.

    Initiative law and zoning law are hopelessly inconsistent and in conflict.

3. ZONING—INITIATIVE.

    The zoning act, being a special statute dealing with a particular subject, must be deemed to be controlling over the statute authorizing initiative which is general in its scope.

4. MUNICIPAL CORPORATIONS—ZONING—INITIATIVE.

    An amendment in a municipal ordinance added by the power of initiative is invalid even though effected in compliance with the provisions of the city charter and the statute governing initiative where it effects a change in the municipal zoning ordinance.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 December 16, 1971, at Detroit. (Docket No. 11270.) Decided February 24, 1972. Affirmed by Supreme Court, 388 Mich 737.

Complaint by Nat Korash and other owners of a parcel of real property against the City of Livonia and Frank Kerby, Livonia Building Official, to have a city ordinance amended by initiative declared invalid. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman*), for plaintiffs.

*Harry C. Tatigian,* City Attorney, for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

DANHOF, J. Plaintiffs are the owners of approximately 15 acres of land in the City of Livonia. In March 1969, the property was zoned to allow multiple dwellings or apartment houses. In March 1969, petitions were filed with the city clerk, pursuant to

the Charter of the City of Livonia, to amend the zoning ordinance of the City of Livonia. The initiatory petitions were found to be in proper form and to meet the requirements of the city charter of the defendant city, and subsequently, on September 29, 1969, at a special election the zoning amendment was approved. The effect of the zoning ordinance was to prohibit the multiple dwellings on the plaintiffs' property. Thereafter, plaintiffs commenced suit in the Wayne County Circuit Court requesting injunctive relief, mandamus, and declaratory and summary judgments. The trial judge found that the case involved purely a legal issue, with no facts being in dispute, and granted a declaratory judgment to the plaintiffs declaring the ordinance adopted by the initiatory petitions to be invalid. The trial court determined the instant case to be controlled by the decision of this Court in *Elliott* v *City of Clawson*, 21 Mich App 363 (1970).

Both parties concede that if this case is controlled by *Elliott, supra,* the trial judge should be affirmed. Defendants, however, have made a vigorous argument that the decision in *Elliott, supra,* is incorrect and that this panel should not follow the decision reached in *Elliott.*

The one factual difference in the instant case as compared to *Elliott, supra,* is that *Elliott* dealt with the power of referendum as contained in the home rule act[1] and the Charter of the City of Clawson, while the instant case deals with the power of initiative as contained in the home rule act and the Charter of the City of Livonia. In *Elliott, supra,* this Court stated at p 366:

"Even in jurisdictions in which the power of initiative and referendum on local legislation has been constitutionally reserved, defendants' seem-

[1] MCLA 117.4i; MSA 5.2082.

ingly logical argument has clearly been rejected with respect to the power of initiative."

In *Elliott, supra,* this Court at p 367 quoted with approval the following:

" ' "The initiative law and the zoning law are hopelessly inconsistent and in conflict as to the manner of the preparation and adoption of a zoning ordinance. The zoning act is a special statute dealing with a particular subject and must be deemed to be controlling over the initiative, which is general in its scope." ' *Dewey* v *Doxey-Layton Realty Co,* 3 Utah 2d 1; 277 P2d 805 (1954), citing *Hurst* v *City of Burlingame,* 207 Cal 134; 277 P 308 (1929)."

We have carefully examined what was said in *Elliott, supra,* and are of the opinion that the reasoning and rationale contained therein applies to the instant case.

Affirmed, no costs a public question being involved.

All concurred.