Aleta R. TAYLOR and Brent Foutz, Petitioners,

v.

SOUTH JORDAN CITY RECORDER, Respondent.

No. 981431.

Supreme Court of Utah.

Sept. 25, 1998.

Lisa G. Romney, Salt Lake City, for respondent.

Jeffrey Walker, Sandy, for Anderson Development.

ZIMMERMAN, Justice:

On July 16, 1998, five registered voters from the city of South Jordan ("the sponsors") submitted a ballot initiative application to the South Jordan city recorder pursuant to section 20A–7–504 of the Code. On July 24, 1998, the sponsors were notified that their application had been denied. The rejection letter simply stated: "[T]he Application is denied by the City on the grounds that the subject matter of the proposed ordinance involves a zoning matter which is inappropriate for the initiative process." The sponsors applied to this court for an extraordinary writ to compel the recorder to furnish them five copies of the initiative petition and five signature sheets.

424

Section 20A–7–504(2) states, "The local clerk shall furnish to the sponsors: (a) five copies of the initiative petition; and (b) five signature sheets." The language of section 20A–7–504(2) is mandatory. The statute makes the issuance of an initiative petition an entirely ministerial act, and nothing in the statute authorizes the local clerk to make any independent determination of whether the petition should be issued. Any determination of whether the subject matter is appropriate for the initiative process is proper only after the petition has been issued, completed, and returned.

Chief Justice Howe suggests that allowing the clerk to refuse to furnish initiative forms to sponsors when the clerk believes "he or she cannot legally accept the initiative petition if and when the required number of signatures has been obtained" is efficient and saves the taxpayers money. The difficulty we have with this position is that the clerk, by definition, is employed by the very entity whose action or inaction is likely the subject of the initiative. Therefore, the clerk, in a very real sense, is an adversary of the initiative sponsors, as is the city attorney from whom the clerk seeks advice. Under these circumstances, to give a clerk the power to make legal decisions about the propriety of petition requests and thus about the initiative petition's circulation is to invite abuse. The statutes make the initiative process quite difficult for proponents. Following the course Chief Justice Howe suggests would add an additional hurdle not mandated by the language of the statute. In fact, the present litigation is an example of such a hurdle. The proponent taxpayers have already incurred additional costs by being forced to litigate over whether or not the clerk must furnish a petition.

In light of the foregoing, the city recorder (clerk) of the city of South Jordan is hereby ordered to furnish the sponsors five copies of the initiative petition and five signature sheets as required by section 20A–7–504(2) of the Code.

Associate Chief Justice DURHAM and Justice STEWART and Justice RUSSON, concur in Justice ZIMMERMAN's opinion.

HOWE, Chief Justice, dissenting:

I dissent. I would not require the local clerk to furnish initiative forms to sponsors when it is readily apparent to the clerk that he or she cannot legally accept the initiative petition if and when the required number of signatures has been obtained. To so require the clerk is to mislead the sponsors and allow them to engage in the time-consuming useless act of collecting signatures. It is much better to inform the sponsors up-front that any initiative petition they might present will be rejected because it will be legally insufficient.

In the instant case, our case law is clear that zoning ordinances cannot be enacted through the initiative process. In *Dewey v. Doxey–Layton Realty Co.*, 3 Utah 2d 1, 277 P.2d 805 (1954), we held that a zoning ordinance cannot be enacted by the initiative process because to do so would violate the due process rights of citizens to protect their property through notice and public hearings. Recently, in *Salt Lake on Track v. Salt Lake City*, 939 P.2d 680 (Utah 1997), this court held that Utah case law "indicates that a public official to whom an initiative or referendum petition is presented for filing does have the authority to reject that petition if, in fact, it is legally insufficient or is directed to a matter that is not subject to an initiative or referendum." *Id.* at 682 (citing *White v. Welling*, 89 Utah 335, 57 P.2d 703, 705 (1936); *Keigley v. Bench*, 97 Utah 69, 89 P.2d 480, 481–82 (1939)).

The instant case is one where it is better for the local clerk to act "sooner" than "later." If the sponsors believe the local clerk to be in error, the sponsors are free to prepare their own petition as was done with this court's approval in *Palmer v. Broadbent*, 123 Utah 580, 260 P.2d 581 (1953), or seek a declaratory judgment that the subject matter of the proposed ordinance is subject to enactment by initiative.