RITA CZYZEWSKI *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* MICHAEL GLEESON, Defendant and Counterplaintiff-Appellant.

First District (2nd Division)    No. 62831

Opinion filed June 7, 1977.

656

John L. Martin and James L. Tuohy, both of Tuohy and Martin, of Chicago, for appellant.

Omer & Wasserman, of Chicago (Norton Wasserman, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

After an automobile collision with Michael Gleeson, Rita Czyzewski filed suit against him for property damage to her car. Gleeson then filed a counterclaim, alleging bodily injury and property damage to his vehicle, and added Richard Czyzewski as a second counterdefendant. In response to the counterclaim, the Czyzewskis pleaded release as an affirmative defense. Gleeson's reply denied all allegations concerning this release. After hearing the action without a jury, the trial court found Gleeson not guilty on the complaint and entered judgment against Rita Czyzewski on the counterclaim in the amount of $5,491.42. However, the trial court rendered this judgment without first holding a hearing on the affirmative defense. Within 30 days of the entry of judgment, the Czyzewskis filed a motion requesting that such a hearing be held so that the legal effect of the release could be determined. The motion was granted and the trial court, after the hearing was completed, reduced the judgment to $2200—the stipulated amount of property damage to Gleeson's automobile.

Gleeson appeals from the trial court's decision to grant the post-trial hearing on the release and from the court's reduction of his judgment. He contends that the burden of proving the validity of the affirmative defense was on the Czyzewskis because they asserted it, and he argues that this defense was waived when the Czyzewskis failed to substantiate all their allegations concerning the release prior to the completion of the trial. Gleeson asserts that the attorney for the Czyzewskis expressly waived the affirmative defense on the day of trial, and he further argues that if this waiver was caused by the incompetency of plaintiffs' counsel, such alleged incompetency would not provide the Czyzewskis with a legal defense to such waiver. Lastly, Gleeson argues that it was error for the trial court to reduce the amount of its original judgment because the Czyzewskis failed to introduce any evidence supporting their contention that the restrictive wording on the face of the release referred only to automobile property damage payments.

The release in question was signed by Gleeson on December 18, 1972. The release form, for a stated consideration of $5,000, purportedly discharged the Czyzewskis from any and all claims or causes of action arising from their automobile accident with Gleeson on February 5, 1972. However, the following restriction was stamped on the face of the release when it was executed and returned to the payor:

"This release in no way affects the subrogation rights of any collision carrier."

During the post-trial hearing on the affirmative defense, the claims manager for Kenilworth Insurance Company, which provided the Czyzewskis with liability insurance, testified that he entered into

settlement negotiations with Gleeson's attorneys after Gleeson filed a claim against the Czyzewskis. In making his decision to offer Gleeson $5,000 for the settlement of his claim, the manager stated that he took into consideration certain medical bills, miscellaneous items and lost wages resulting from bodily injury.

The claims manager also testified that the restrictive wording did not appear on the release when he sent the agreement to Gleeson's attorneys but that the release bore the stamped restriction and Gleeson's signature when returned. However, the claims manager admitted that he accepted the executed release, even though he was aware that the restriction had been stamped on its face.

During the post-trial hearing, the trial court indicated that its $5,491.42 judgment against Rita Czyzewski was based on the following items of damage:

| | |
|---|---|
| Hospital bill | $ 701.42 |
| Doctor bill | 190.00 |
| Lost wages | 2400.00 |
| Stipulated property damage to Gleeson's automobile | 2200.00 |
| Total | $5491.42 |

The court also made a specific finding that the restrictive language stamped on the release referred only to payments made by Gleeson's collision carrier, Economy Fire and Casualty Company, for property damage to the counterplaintiff's vehicle and not to any payments made under the personal injury protection coverage of Gleeson's insurance policy. Because of this finding the trial court then reduced its judgment to the amount of stipulated property damage to Gleeson's automobile, *viz* $2200.

Appellant's brief states it has been stipulated that this suit is a subrogation action brought by Economy Fire and Casualty Company, as subrogee of Gleeson, and that Economy paid Gleeson $1351.42 in addition to $2200 for property damage.

The primary question for our consideration is whether the trial court acted improperly in holding a post-trial hearing on the release and in subsequently reducing its original judgment to $2200.

We affirm.

■■ It is well established that the power to vacate and set aside judgments during term time is inherent in all courts of record, including not only *nisi prius* courts, but courts of appellate jurisdiction. (*Marshall Field & Co. v. Nyman* (1918), 285 Ill. 306, 308, 120 N.E. 756, 757.) The decision to exercise this power rests in the sound discretion of the trial

court. *Village of La Grange Park v. Hess* (1928), 332 Ill. 236, 241, 163 N.E. 672, 674.

This rule has been codified in section 50(5) of the Civil Practice Act. It provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Ill. Rev. Stat. 1975, ch. 110, par. 50(5). See also Ill. Rev. Stat. 1975, ch. 110, par. 68.3(1).

■■■ The discretion of the trial court to set aside a judgment pursuant to section 50(5) is to be liberally exercised in order to promote justice. (*Hoffman v. Hoffman* (2d Dist. 1976), 37 Ill. App. 3d 415, 346 N.E.2d 114.) Furthermore, it is no longer necessary that relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. However, these are factors to be considered in determining whether a judgment should or should not be vacated in order to do substantial justice. (*Hoffman v. Hoffman.*) In examining a trial court's reversal of a default judgment under section 50(5), it is not necessary for the reviewing court to determine, as a matter of law, that the trial court exceeded or abused its discretion, but only to resolve whether justice is being done. *Engelke v. Moutell* (5th Dist. 1974), 20 Ill. App. 3d 253, 256, 313 N.E.2d 613, 615.[1]

During these proceedings the trial judge repeatedly stated that the reason for his decision to hold the post-trial hearing on the release was his concern that Gleeson would be paid twice for the same injury if he was permitted to recover the sum of $5,491.42 from Rita Czyzewski in addition to the $5000 settlement from Kenilworth Insurance Company, the Czyzewski's insurance carrier.

■■ The law provides for only one recovery from the same source for the same injury. (See *Aldridge v. Morris* (2d Dist. 1949), 337 Ill. App. 369, 376, 86 N.E.2d 143, 146.) We feel that the trial court's concern in this instance was justified. Gleeson claimed special damages in the amount of $5491.42. Prior to the entry of the trial court's judgment in such amount, Gleeson had already received $5000 from Kenilworth (as the Czyzewskis' insurer) for his execution of the release. Under these circumstances it was possible that the judgment against Rita Czyzewski would constitute a second payment for the same injuries for which Gleeson had already received $5000 from Kenilworth. Accordingly it is our opinion that the trial court's decision to hold the post-trial hearing on the effect of the release was for the purpose of furthering justice between the litigants and

---

[1] The decisions here cited apply to the setting aside of default judgments. We believe, however, that the same rationale is applicable to the instant case.

was properly conducted pursuant to the court's inherent and statutory authority.

Gleeson argues that it was improper for the trial court to reduce its judgment of $5491.42 to $2200. He asserts that the restrictive wording stamped on the release was never intended to limit Economy Fire and Casualty's subrogation rights to the stipulated property damage to his automobile. He argues that Economy is also entitled to subrogate against Rita Czyzewski any other claims for injuries which he may have had despite the fact that the release excepts only a "collision carrier."

It is true that bodily injury claims may be subrogated in Illinois (see *Remsen v. Midway Liquors, Inc.* (2d Dist. 1961), 30 Ill. App. 2d 132, 146, 174 N.E.2d 7, 14) and that the term "collision carrier" has not been interpreted by the courts of this state. However, legal treatises generally define the phrase "collision insurance" as meaning protection to an insured against loss or injury to a vehicle as a result of contact with another object. 7 Am. Jur. 2d *Automobile Insurance* §57 (1963); 44 C.J.S. *Insurance* §7 (1945); 45 C.J.S. *Insurance* §796 (1946). See also *Farmers Butter & Dairy Cooperative v. Farm Bureau Mutual Insurance Co.* (Iowa 1972), 196 N.W.2d 533, 535.

The record herein does not establish whether the parties discussed the meaning of the restrictive wording prior to the execution of the release. Based on the testimony of the claims manager for Kenilworth Insurance Company in accepting the restrictive release, it appears he considered only personal injury items in paying the $5000 settlement to Gleeson. Based on the record we conclude that the only item of special damage not included in Kenilworth's settlement offer was the $2200 property damage.

■■ As subrogee of Gleeson, Economy Fire and Casualty was entitled to recover only the stipulated property damage to Gleeson's car since the restriction on the release absolved the Czyzewskis of liability for all personal injuries arising out of the accident in question. Accordingly, it is our opinion that the trial court properly reduced its original judgment to $2200 after it had discovered that Kenilworth previously paid Gleeson $5000 for his personal injury claim.

We take note of the remaining argument advanced by Gleeson. He contends that the attorney for the Czyzewskis expressly waived the affirmative defense on the day of trial. However, although Gleeson presented verbatim transcripts of the post-trial hearings on the release, he has failed to provide this court with a verbatim transcript of the trial proceedings or an acceptable proposed report in accordance with Supreme Court Rule 323. (Ill. Rev. Stat. 1975, ch. 110A, par. 323.) It is incumbent upon the appellant to present in the record the relevant proceedings which show the error he is claiming. Without such

presentation, it is impossible for a court of review to evaluate the appellant's contention. *La Pierre v. Oak Park Federal Savings & Loan Association* (1st Dist. 1974), 21 Ill. App. 3d 541, 546, 315 N.E.2d 908, 911-12.

The record reflects that the express waiver was discussed by the court and opposing attorneys during the post-trial hearings on the release. However, the trial judge stated that he was uncertain, because of the confusion which surrounded the trial, whether counsel for the Czyzewskis had made an express waiver. He then cited this state of general confusion as one of his reasons for allowing the Czyzewskis to present their affirmative defense in the post-trial hearing.

■■ Because of Gleeson's failure to file a transcript of the trial proceedings and because the trial judge was uncertain whether the Czyzewskis' attorney had in fact waived the affirmative defense, we believe that the issue of the express waiver is not before this court for review.

For the aforementioned reasons, the trial court's reduction of its original judgment to $2200 is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.