*In re* MARRIAGE OF JOHN P. JUNGE, Petitioner-Appellee, and DIANE M. JUNGE, Respondent-Appellant.

Fifth District No. 79-88

Opinion filed June 26, 1979.

Melroy B. Hutnick, of Belleville, for appellant.

Sam S. Pessin, of Law Office of Pessin, Baird & Wells, of Belleville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Respondent-wife appeals from a judgment of dissolution of marriage

entered by the Circuit Court of St. Clair County. Petitioner-husband and respondent-wife were married on February 19, 1971. Their only child, a son named Billy, was born March 22, 1975. The couple separated sometime during 1977, and this suit was commenced on September 16, 1977. On November 29, 1977, petitioner was ordered to pay the sum of $60 per week for support of the minor child. On June 27, 1978, a hearing was had at which the court found grounds for dissolution and reserved jurisdiction as to all other matters. On June 30, 1978, husband filed a petition to modify the earlier child-support order. Sometime during the summer of 1978, respondent's boyfriend and his three children commenced living in the former marital home with respondent and Billy. During November of 1978, the court heard evidence in connection with the matters of custody, support, maintenance and disposition of property and on January 11, 1979, entered its judgment of dissolution of marriage from which this appeal is taken.

Respondent contends that the court abused its discretion in awarding permanent custody of the minor child to petitioner. After the parties separated, Billy continued to live with respondent in the marital home, described as a large three-bedroom home situated on 3 acres in O'Fallon, Illinois. Respondent had been employed for 9 years as an optic arts supervisor at a local junior college, and during her work hours, Billy was cared for by a babysitter. Billy enjoyed good health and was well provided for while in the custody of his mother. According to respondent, she and her boyfriend have slept together in the same bed in the bedroom across the hall from Billy and the boyfriend's children since they began living together in the summer of 1978. Respondent also stated that she and her boyfriend intend to marry and that Billy enjoys the boyfriend and his young children. The opportunity to interact with them, she claims, has taught the boy to get along with other children and to be less dependent upon her.

Since the separation, petitioner has lived with his mother, a woman around 50 years of age. She works in the evenings but is able and agreeable to babysitting with Billy during the day while petitioner is at work in the event the court would award him custody. Billy and his grandmother get along very well. For most of 1978, petitioner was ill, suffering from several illnesses which rendered him unable to work and unable to pay child support. He was hospitalized on three occasions, once for hernia surgery, once for a virus infection and once for myocarditis.

The trial court's order with respect to Billy's custody was as follows:
"(h) The care, custody, control and education of the minor child, WILLIAM JUNGE, born March 22, 1975, is awarded to his father, JOHN P. JUNGE, from the date of entry of this Judgment until final determination of the permanent custody by this court.

> After hearing concerning such custody, after a lapse of eight calendar months herefrom or as soon thereafter as this matter may be heard, the court shall then hear evidence concerning the best interest and welfare of said child's care, custody, support and education."

It is respondent's contention that this award of custody to husband was against the best interest of the child and against the manifest weight of the evidence. In support of that position, she has cited the recent Illinois "live-in boyfriend" case law. *Jarrett v. Jarrett* (1978), 64 Ill. App. 3d 932, 382 N.E.2d 12; *Rippon v. Rippon* (1978), 64 Ill. App. 3d 465, 381 N.E.2d 70; *DeFranco v. DeFranco* (1978), 67 Ill. App. 3d 760, 384 N.E.2d 997; *Burris v. Burris* (1979), 70 Ill. App. 3d 503, 388 N.E.2d 811.

We believe that respondent has misapplied these cases to this proceeding. Each of them involve a petition for *modification* of a decree wherein the court was requested to *change* custody. To have effected a change in child custody in those cases, the proponents of the changes had to prove that:

> "* * * the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)(3).)

In *Burris v. Burris* (1979), 70 Ill. App. 3d 503, 388 N.E.2d 811, we affirmed the finding that the proponent had failed to show the mother's live-in boyfriend arrangement was a detriment to the child's well being. What we said in *Burris* was that such allegedly immoral conduct, in and of itself, without a showing of a detriment to the child, is insufficient proof under the modification statute.

■■ This proceeding was not for a change in child custody. Rather, this was the hearing for the initial award of custody wherein the court was directed by another statutory provision, to-wit:

> "(a) The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> (1) the wishes of the child's parent or parents as to his custody;
>
> (2) the wishes of the child as to his custodian;
>
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;
>
> (4) the child's adjustment to his home, school and community; and
>
> (5) the mental and physical health of all individuals involved.

(b) The court shall not consider conduct of a present or proposed custodian that does not affect his relationship to the child." (Ill. Rev. Stat. 1977, ch. 40, par. 602.)

Considering the uncertainty of the circumstances which existed in this matter, we believe that it was a proper exercise of judicial discretion for the trial court to award temporary custody to petitioner and to delay a final determination of custody for eight months. The petitioner's health and economic circumstances were uncertain, as was respondent's marriage to her boyfriend. The court may have properly believed that these matters might be more settled after eight months and that he could make a more sound determination for the child's welfare at that time. We affirm his cautious procedure.

■■ Respondent also raises as error the court's January 11, 1979, order relieving petitioner of obligation for child support effective June 30, 1978. She contends that all child-support installments which accrued before the January 11, 1979, order are vested debts and cannot be set aside by a subsequent order. There is no vested right to payments accruing after a petition for modification is filed. (*Vail v. Vail* (1968), 98 Ill. App. 2d 234, 240 N.E.2d 519.) The petition for relief from the prior temporary support order was filed on June 30, 1978. Accordingly, the court had authority to modify the support order retroactively to that date.

Respondent also contends that the trial court abused its discretion in ordering that the marital real estate be divided equally without giving her credit for her payment of real estate taxes, mortgage installments, insurance and maintenance costs during the period from when the parties separated until the date of the judgment of dissolution. Because the marital real estate was owned by the parties as joint tenants, respondent claims petitioner should have been ordered to reimburse her for one-half of these expenses.

■■ We do not agree. The fact that this real estate was owned by the parties as joint tenants is irrelevant. What is relevant is that the real estate is "marital property," and the question is whether the court's disposition of the real estate and other marital property, including predissolution debts, was a proper exercise of discretion according to the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977, ch. 40, par. 503.) Respondent has been gainfully employed for some nine years; petitioner has been in poor health and unable to work. Petitioner was ordered to provide medical and hospitalization insurance for the minor child and to pay preseparation family debts. Both parties were awarded numerous items of personal marital property. We find no abuse of discretion by the court in awarding the real estate equally to the parties without requiring petitioner to reimburse respondent for these

homeowner expenses. The disposition of the real estate was properly based upon the factors mandated in section 503(c) of the Act, not on the legal form of ownership of the property.

■■ Next, respondent complains of certain matters relating to the issue of maintenance for herself. She claims the trial court's failure to award her maintenance and the court's allowing petitioner's inquiry regarding financial assistance which she received from her boyfriend were errors. The record shows respondent had been gainfully and continuously employed for nine years at a local junior college. Petitioner, a mechanic, was without income in 1978 due to poor health. He was provided no child-support contribution by respondent and was made responsible for preseparation family debts. Both parties were awarded half-interest in the real estate and numerous items of marital property. We find no abuse of discretion in the trial court's judgment with respect to maintenance for respondent.

■■ Regarding petitioner's inquiry as to the boyfriend's financial circumstances, we find no merit in respondent's contention that this inquiry was irrelevant to any of the issues to be determined in this dissolution matter. While such evidence may have been irrelevant to a determination of the maintenance issue, it may have been relevant to the court's full understanding of the circumstances at respondent's residence in connection with the custody issue.

Furthermore, in connection with these maintenance-related issues, we note that the Act provides that any obligation to pay maintenance is terminated when the party receiving maintenance cohabits with another person on a "resident, continuing conjugal basis"—a circumstance which was proved in this record. (Ill. Rev. Stat. 1977, ch. 40, par. 510(b).) Since maintenance could have been precluded by this statute, these issues are, practically speaking, moot questions.

Finally, respondent contends the court abused its discretion by its failure to appoint a guardian ad litem for the minor child. While such an appointment may have been prudent here, the record does not reflect any harm resulting from the failure of the trial court to appoint a guardian ad litem.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN, P. J., and JONES, J., concur.