274 S.E.2d 212 (1981)
Michael Roland LYNCH
v.
Jean T. LYNCH.
No. 90.
Supreme Court of North Carolina.
February 2, 1981.
Limited Rehearing Granted April 8, 1981.
*216 Hicks, Harris & Sterrett by Richard F. Harris, III, Charlotte, for defendant-appellant.
No counsel for plaintiff-appellee.
COPELAND, Justice.
By this appeal defendant asks us to determine which, if any, of the orders filed by the North Carolina and Illinois Courts are binding upon the parties. We agree with the Court of Appeals that the judgments of the North Carolina district court on 6 April 1978 and 1 June 1978, awarding custody to plaintiff, are not binding upon defendant. However, we reverse that portion of the Court of Appeals' decision which holds that the Illinois judgment of 17 July 1978 is not entitled to full faith and credit. We find that the Illinois judgment was a permanent, final determination of custody by a court with proper jurisdiction, and therefore the trial court erred in failing to give full faith and credit to that judgment.
The trial court properly granted defendant's motion to dismiss plaintiff's action for divorce from bed and board on the ground that plaintiff failed to meet the six month North Carolina residency requirement set forth in G.S. 50-8 before filing a complaint for divorce. Plaintiff himself testified before the district court that he moved to North Carolina on 20 March 1978. He filed his complaint seeking divorce from bed and board on 6 April 1978, only a few weeks after establishing residency in North Carolina. Hence, the district court lacked subject matter jurisdiction over the divorce action. Eudy v. Eudy, 288 N.C. 71, 215 S.E.2d 782 (1975); Israel v. Israel, 255 N.C. 391, 121 S.E.2d 713 (1961). G.S. 1A-1, Rule 12(h)(3) provides that subject matter jurisdiction may be challenged at any point in a proceeding, therefore defendant's 30 November 1978 motion to dismiss the divorce action was timely made and correctly granted.
*217 The portion of plaintiff's complaint seeking custody of his minor son constitutes a separate action, severable from the divorce proceeding. Consequently, the dismissal of the divorce action for lack of subject matter jurisdiction does not result in a dismissal of the custody action. Brondum v. Cox, 292 N.C. 192, 232 S.E.2d 687 (1977); Blackley v. Blackley, 285 N.C. 358, 204 S.E.2d 678 (1974); Bunn v. Bunn, 258 N.C. 445, 128 S.E.2d 792 (1963). See G.S. 50-13.5(c) (1976) (prior to amendment effective 1 July 1979, 1979 N.C.Sess.Laws, c. 110, s. 12). We agree with the Court of Appeals' finding that the district court was authorized to assert subject matter jurisdiction over the custody portion of the case. At the time plaintiff's complaint was filed, G.S. 50-13.5(c)(2) provided:
"(2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when: a. The minor child resides, has his domicile, or is physically present in this State..."
It is a generally accepted principle that the courts of the state in which a minor child is physically present have jurisdiction consistent with due process to adjudicate a custody dispute involving that child. The authority to assert jurisdiction stems from the state's responsibility as parens patriae to provide for the general welfare of any child within its borders. Murphy v. Murphy, 404 N.E.2d 69 (Mass.1980); Trampert v. Trampert, 55 App.Div.2d 838, 390 N.Y.S.2d 325 (1976); Spence v. Durham, 283 N.C. 671, 198 S.E.2d 537 (1973), cert. denied 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974); Holmes v. Sanders, 246 N.C. 200, 97 S.E.2d 683 (1957); Adams v. Bowens, 230 S.E.2d 481 (W.Va.1976). G.S. 50-13.5(c)(2) was amended by the 1979 Session Laws, effective 1 July 1979, to read that the courts of this state shall have jurisdiction to adjudicate a custody proceeding under the provisions of G.S. 50A-3. G.S. 50A-3, also effective 1 July 1979, states that a North Carolina court has jurisdiction to determine matters of child custody based upon the physical presence of the child within the state only if the child has been abandoned, if no other state would have jurisdiction, or if it is necessary in an emergency situation to protect the health of the child. Since this statute was not made retroactive, it has no bearing upon this case, and defendant's claim that the court erred in asserting jurisdiction over the custody determination is without merit. See 1979 N.C.Sess.Laws, c. 110, s. 1, effective 1 July 1979.
However, we do find merit in defendant's contention that the district court lacked personal jurisdiction over her at the time it entered its orders of 6 April 1978 and 1 June 1978, and hold in accord with the decision of the Court of Appeals that these orders are not binding upon her. Plaintiff alleged that defendant was properly served with summons on 11 April 1978 by means of certified mail, return receipt requested, and therefore the district court had personal jurisdiction over her. G.S. 50-13.5(d), in effect at the time plaintiff filed his complaint and until 1 July 1979, stated that:
"(1) Service of process in civil actions or habeas corpus proceedings for the custody of minor children shall be as in other civil actions or habeas corpus proceedings. Motions for custody or support of a minor child in a pending action may be made on five days' notice to the other parties and compliance with G.S. 50-13.5(e).
(2) If the circumstances of the case render it appropriate, upon gaining jurisdiction of the minor child the court may enter orders for the temporary custody and support of the child, pending the service of process or notice as herein provided."
Service of process in other civil proceedings is governed by the provisions of G.S. 1A-1, Rule 4, which provides in section (j)(9) that any person who is not an inhabitant of the state or found within the state may be served with process by:
"... b. Registered or certified mail.Any party subject to service of process under this subsection (9) may be served by mailing a copy of the summons and *218 complaint, registered or certified mail, return receipt requested, addressed to the party to be served. Service shall be complete on the day the summons and complaint are delivered to the address.... Before judgment by default may be had on such service, the serving party shall file an affidavit with the court showing the circumstances warranting the use of service by registered or certified mail averring (i) that a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested, (ii) that it was in fact received as evidenced by the attached registered or certified receipt or other evidence satisfactory to the court of delivery to the addressee and (iii) that the genuine receipt or other evidence of delivery is attached. This affidavit shall be prima facie evidence that service was made on the date disclosed therein in accordance with the requirements of this paragraph, and shall also constitute the method of proof of service of process when the party appears in the action and challenges such service upon him. This affidavit together with the return receipt signed by the person who received the mail raises a rebuttable presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the defendant's dwelling house or usual place of abode."
The record shows that at the time of the 1 June 1978 order awarding permanent custody to plaintiff, the only document before the court which tended to prove service of process on defendant was a return receipt for certified mail, allegedly signed by defendant, dated 11 April 1978 and addressed to her residence at 8435 South Merrimack Street, Burbank, Chicago, Illinois. This receipt shows that something was delivered to defendant on that date, but does not indicate what was delivered. The affidavit stating the circumstances warranting the use of service by certified mail, required under Rule 4(j)(9)b, was not filed until 19 January 1979. Plaintiff never filed an affidavit stating that copies of the summons, complaint, and order were deposited in the post office for delivery by registered or certified mail, also a requirement under Rule 4(j)(9)b. If a statute specifies that certain requirements must be complied with in the process of serving summons, failure to follow these requirements results in a failure of service. Guthrie v. Ray, 293 N.C. 67, 235 S.E.2d 146 (1977). Since plaintiff failed to file the affidavits required by Rule 4(j)(9)b, the return receipt of certified mail was insufficient to prove service of process, and plaintiff was never properly served in this action. Unless waived by the party to be served, service of summons in compliance with Rule 4 is required before a court may assert personal jurisdiction over that party or enter a default judgment against him. Guthrie v. Ray, supra; North State Finance Co. v. Leonard, 263 N.C. 167, 139 S.E.2d 356 (1964); Kleinfeldt v. Shoney's of Charlotte, Inc., 257 N.C. 791, 127 S.E.2d 573 (1962). Since defendant was never properly served with process under Rule 4 and had not waived the right to be served at that time, the 1 June 1978 order awarding permanent custody to plaintiff was a nullity as to her. Under G.S. 50-13.5(d)(2), in effect at the time of the present custody action, a temporary custody order was binding only if service of process was carried out in accordance with Rule 4. Such service of process was never rendered, therefore the temporary custody order of 6 April 1978 was also not binding on defendant.
Although service of process was defective in this case, we agree with the Court of Appeals' holding that by her motions filed 30 November 1978, defendant made a general appearance in the custody proceeding, and thereby waived her right to challenge the North Carolina court's personal jurisdiction over her from that date forward. G.S. 1-75.7 states as follows:
"A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:

*219 (1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance ..."
Consequently, any act which constitutes a general appearance obviates the necessity of service of summons and waives the right to challenge the court's exercise of personal jurisdiction over the party making the general appearance. Simms v. Mason's Stores, Inc., 285 N.C. 145, 203 S.E.2d 769 (1974); Youngblood v. Bright, 243 N.C. 599, 91 S.E.2d 559 (1956). In In re Blalock, 233 N.C. 493, 504, 64 S.E.2d 848, 856 (1951), Justice Winborne (later Chief Justice), speaking for the Court, explained that "... a general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." In one of her motions filed 30 November 1978, defendant requested that the district court give full faith and credit to the Illinois judgment awarding custody to her, filed 17 July 1978. Defendant thereby invoked the adjudicatory power of the court to determine whether the Illinois judgment should be accorded full faith and credit by our courts, and requested that the court assert jurisdiction to award her affirmative relief. Consequently, defendant's motion constituted a general appearance in the action and waived her right to challenge personal jurisdiction.
In determining whether a general appearance was made in any proceeding, G.S. 1-75.7 must be construed with G.S. 1A-1, Rule 12, since these statutes are part of the same enactment. Simms v. Mason's Stores, Inc., supra. After construing the two statutes together, our conclusion that defendant entered a general appearance on 30 November 1978 remains unchanged. Rule 12(b) states that before filing a responsive pleading in an action, a party may make a motion to dismiss the case on one or more grounds specified in that section, including lack of jurisdiction over the person. Rule 12(b) also provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Sections (g) and (h) of Rule 12 further state that a challenge to jurisdiction over the person shall be waived if a party files another motion permitted under Rule 12 and fails to join with it a motion to contest personal jurisdiction, or if a party files a responsive pleading in the case before filing a motion contesting personal jurisdiction. This Court has held that when the above provisions of Rule 12 are construed with G.S. 1-75.7, it is clear that a general appearance will waive the right to challenge personal jurisdiction only when it is made prior to the proper filing of a Rule 12(b)(2) motion contesting jurisdiction over the person. If a general appearance is made in conjunction with or after a Rule 12(b)(2) motion is properly filed, the right to challenge personal jurisdiction is preserved. Simms v. Mason's Stores, Inc., supra.
In the present case, defendant's motion to have the Illinois judgment accorded full faith and credit, which constituted a general appearance, was filed in conjunction with four other motions, three of which contested the court's jurisdiction in the proceeding. Before filing her 30 November 1978 motions defendant had not waived her right to enter any Rule 12(b) motions, since she had never been served with summons, the orders of 6 April 1978 and 1 June 1978 were not binding upon her, and this was the first response she had entered in the action. However, we find that none of the 30 November 1978 motions were motions contesting personal jurisdiction on the ground of insufficiency of process, therefore defendant's general appearance on that date before challenging personal jurisdiction waived her right to make such a challenge thereafter. The district court acted properly in asserting jurisdiction over defendant after that date and during the 19 January 1979 hearing on her motions.
Although the district court acted correctly in asserting jurisdiction over defendant after 30 November 1978, we hold *220 that it erred in denying defendant's motion to give full faith and credit to the 17 July 1978 Illinois judgment awarding custody to defendant, and the Court of Appeals erred in affirming the district court's denial of this motion. It is well established that under the full faith and credit clause in Art. IV, § 1 of the United States Constitution, the courts of one state must give the same effect to a final judgment of the courts of another state that the judgment would have in the jurisdiction in which it was rendered. Ford v. Ford, 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962); Spence v. Durham, supra.
The validity and effect of the judgment of another state must be determined by the laws of that state. Spence v. Durham, supra; Thomas v. Frosty Morn Meats, Inc., 266 N.C. 523, 146 S.E.2d 397 (1966). Since the 17 July 1978 judgment awarding custody to defendant was issued in Illinois, it is the law of that state which governs us in determining what effect the judgment must be given. The courts of Illinois have repeatedly held that a permanent custody order is a "final judgment" as to circumstances existing at the time it was rendered. Hofmann v. Poston, 77 Ill.App.3d 689, 33 Ill.Dec. 187, 396 N.E.2d 576 (1979); Herron v. Herron, 74 Ill.App.3d 748, 30 Ill.Dec. 806, 393 N.E.2d 1153 (1979); Rippon v. Rippon, 64 Ill.App.3d 465, 21 Ill.Dec. 135, 381 N.E.2d 70 (1978); Dunning v. Dunning, 14 Ill.App.2d 242, 144 N.E.2d 535 (1957); Nye v. Nye, 411 Ill. 408, 105 N.E.2d 300 (1952). Whether a custody order is temporary or permanent and final must be determined according to the substance, not the form, of the order. Herron v. Herron, supra; Carroll v. Carroll, 64 Ill.App.3d 925, 21 Ill.Dec. 713, 382 N.E.2d 7 (1978). The Court of Appeals found that the 17 July 1978 Illinois judgment at issue in this case was an award of temporary custody to defendant and was therefore not entitled to full faith and credit. After carefully reviewing the 17 July 1978 order, we find that it was clearly an award of permanent custody and should have been accorded full faith and credit by the courts of this state. The order states that "the care, custody, control and education of the minor child of the parties is awarded to the Counter Petitioner, Jean Lynch." There is no indication in the entire judgment that the court intended this award of custody to be temporary. The Illinois court had previously entered an order on 21 April 1978 awarding temporary custody to defendant, thus an additional order awarding temporary custody would have served no purpose. The fact that the court retained jurisdiction to determine whether plaintiff would be allowed visitation rights does not change the permanent nature of the custody order. See Hofmann v. Poston, supra; Herron v. Herron, supra. In addition, the Illinois court by the same judgment granted defendant's petition for a final divorce, indicating that it considered the entire judgment to be final except as to matters which it specifically retained the right to adjudicate at a later time. See, e. g., In re Marriage of Junge, 73 Ill.App.3d 767, 29 Ill.Dec. 756, 392 N.E.2d 313 (1979). We find no reason to regard the 17 July 1978 Illinois judgment as anything other than a final custody determination. Since plaintiff originated the Illinois action by his complaint filed on 30 December 1977, and since at the time he filed his complaint the minor child and both parties were domiciled in Illinois, the Illinois court clearly had jurisdiction to adjudicate the matter and enter the 17 July 1978 judgment.[1] Ill.Ann.Stat. *221 ch. 40, § 601 (Smith-Hurd). See also Ill.Ann.Stat. ch. 40, § 2104(a)(1) (Smith-Hurd). Hence, the trial court and the Court of Appeals erred in failing to grant defendant's motion to give the Illinois judgment full faith and credit.
Even if the hearing before the district court on 19 January 1979 could be considered as a proceeding to determine whether the provisions of the Illinois custody decree should be modified due to changed circumstances, we find that the district court was without authority to modify the decree. The United States Supreme Court has specifically held that a state court may modify a custody decree rendered by a court of another state on the basis of a change in circumstances only when the court which issued the decree would be empowered to alter it upon the same grounds. Ford v. Ford, supra; Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958). See also Spence v. Durham, supra. Ill.Ann.Stat. ch. 40, § 610(a), in effect at the time of the North Carolina district court's order filed 5 February 1979, provided as follows:
"No motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health."
The 19 January 1979 hearing before the district court was held only six months after the Illinois court filed its 17 July 1978 judgment awarding custody to defendant, well short of the two years required by the Illinois statute. There is also no evidence that plaintiff filed any affidavits in accordance with the statute to show that the child's health would be endangered if he was in the custody of defendant. Consequently, the district court had no power to alter the Illinois judgment at that time, and its order of 5 February 1979 awarding custody to plaintiff is thereby vacated.
For the foregoing reasons, we reverse that portion of the Court of Appeals' decision which affirms the trial court's denial of defendant's motion requesting that full faith and credit be given to the 17 July 1978 Illinois judgment. The case is remanded to the Court of Appeals for remand to the District Court, Cleveland County, for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
MEYER, J., did not participate in the consideration or decision of this case.
NOTES
[1] Although the Illinois court entered an order on 16 May 1978 dismissing plaintiff's complaint for lack of prosecution, the court did not lose jurisdiction over the case by that order. The order was vacated on 31 May 1978. Ill.Ann. Stat. ch. 110, § 50(5) (Smith-Hurd) provides that:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."
Thus, a court which properly asserted jurisdiction over an action from its inception does not lose jurisdiction during the 30 days following entry of an order dismissing the complaint for lack of prosecution. People v. Stokes, 49 Ill. App.3d 296, 7 Ill.Dec. 139, 364 N.E.2d 300 (1977); Stark v. Ralph F. Roussey & Associates, Inc., 131 Ill.App.2d 379, 266 N.E.2d 439 (1970). The Illinois courts have held that a motion to set aside an order of dismissal for lack of prosecution is addressed to the sound discretion of the trial judge, and will not be disturbed on appeal absent an abuse of that discretion. Weilmuenster v. Illinois Ben Hur Construction Co., 72 Ill.App.3d 101, 28 Ill.Dec. 412, 390 N.E.2d 579 (1979); Czyzewski v. Gleeson, 49 Ill.App.3d 655, 7 Ill.Dec. 396, 364 N.E.2d 557 (1977).
In the present action the Illinois trial judge, on defendant's motion, vacated the 16 May 1978 order dismissing plaintiff's complaint on 31 May 1978, well within the statutory period. The order was apparently vacated for the purpose of allowing defendant's counter petition to be heard. Neither party was prejudiced thereby, hence we find that the trial judge did not abuse his discretion in setting aside his order dismissing plaintiff's complaint, and the Illinois court properly maintained jurisdiction over the action.