INTEGON GENERAL INSURANCE COMPANY, PLAINTIFF-APPELLANT v. DOUGLAS
GLENN MARTIN AND GLENN PAUL MARTIN, DEFENDANTS-APPELLEES

COA96-1070

(Filed 16 September 1997)

**Process and Service § 61 (NCI4th)— four summonses—alias or
pluries box not checked—no reference to original sum-
mons—complaint attached**

The trial court did not err by dismissing a case for insuffi-
ciency of process where four summonses were issued by the
clerk of court; each summons had a copy of the complaint
attached to it, but no reference was made to the original sum-
mons on the second, third, or fourth summons; and the box on
the summons form for "alias or pluries" was not checked on any
of the summonses. N.C.G.S. § 1A-1, Rule 4(d).

Appeal by Integon General Insurance Company from a judgment
entered 12 June 1996 by Judge Marilyn R. Bissell in Mecklenburg
County District Court. Heard in the Court of Appeals 12 May 1997.

*Ackerman Law Firm, P.A., by C. O. Ackerman, Jr. for plaintiff-
appellant.*

*Moseley, Elliott & Sholar, L.L.P., by Bradley A. Elliot for
defendants-appellees.*

McGEE, Judge.

Integon General Insurance Company (Integon) filed a complaint
against Douglas Glenn Martin and Glenn Paul Martin with the Clerk
of Superior Court for Mecklenburg County (Clerk) on 28 April 1995.
Integon presented to the Clerk a civil summons which was then
issued. Integon did not serve this summons, but within ninety days of
the issuance of the first summons, Integon presented a second sum-
mons to the Clerk. This summons was also not served. Within ninety
days of the issuance of this second summons, Integon presented a
third summons to the Clerk, which was duly issued on 7 September
1995. The third summons was also never served. On 4 October 1995,
a fourth summons was presented by Integon to the Clerk and was
duly issued. The fourth summons, along with copies of the complaint
attached to it, was served upon the defendant by the Sheriff of
Northhampton County, North Carolina on 12 October 1995. No refer-

ence was made in the second, third, and fourth summons to the original summons and the box on the summons form designated for "alias or pluries" was not checked on any of the summonses.

The issue on appeal is whether the trial court properly dismissed the complaint for insufficiency of process. Rule 4(d) of the North Carolina Rules of Civil Procedure provides two methods by which to extend time for service upon a defendant in a civil action. The plaintiff argues that he successfully served the defendant by the second method using an alias or pluries summons within the ninety days prescribed by the Rule. We disagree. "The summons . . . constitutes the exercise of the power of the State to bring the defendant before the court"; thus, "defects in the summons receive careful scrutiny." *Childress v. Forsyth County Hosp. Auth.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984), *cert. denied*, 312 N.C. 796, 325 S.E.2d 484 (1985). "If a statute specifies that certain requirements must be complied with in the process of serving [a] summons, failure to follow these requirements results in a failure of service." *Lynch v. Lynch*, 302 N.C. 189, 196, 274 S.E.2d 212, 218 (1981).

To determine the requirements of service by an alias or pluries summons, we first examine the statutory language of N.C. Gen. Stat. § 1A-1, Rule 4(d) (Cum. Supp. 1996) which states:

[t]he plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

Case law has interpreted the statute's reference to "the chain of summonses" as an implicit requirement that an alias or pluries summons contain a reference in its body "to indicate its alleged relation to the original." *Mintz v. Frink*, 217 N.C. 101, 104, 6 S.E.2d 804, 806 (1940). The issuance of an alias or pluries summons without this reference has the double effect of initiating a new action and discontinuing the original one. *Id.* at 104, 6 S.E.2d at 807. Reference to another legal document such as a complaint "does not constitute a link in the chain of process" because the complaint is not an official court document vested with the court's authority to confer jurisdiction. *Childress*, 70 N.C. App. at 284-85, 319 S.E.2d at 331-32.

In this case, none of the succeeding summonses on their face refer to the original summons. The only indication that the succeed-

ing summonses relate to the original summons is that a copy of the complaint was attached to each of the summonses. The complaint, however, confers no jurisdiction, and thus does not cure the defective summons. *Childress*, 70 N.C. App. at 284-85, 319 S.E.2d at 332.

It is within the discretion of the trial court to extend plaintiff's time to amend a defective summons. The trial court exercised its discretion by refusing to extend plaintiff's time to amend the defective summons under N.C. Gen. Stat. § 1A-1 Rule 6(b). The plaintiff failed to show the trial court abused its discretion. We therefore hold that the trial court did not err in dismissing the case for insufficiency of process.

Affirmed.

Judges EAGLES and SMITH concur.