KATHERINE M. ROBERTSON, Plaintiff v. GRAHAM H. PRICE, STONE & CHRISTY, P.A., WILLIAM H. CHRISTY AND BRYANT D. WEBSTER, Defendants

No. COA07-257

(Filed 6 November 2007)

**Process and Service; Statutes of Limitation and Repose— chain of summonses—issuance of alias or pluries summons without indication of relation to original summons**

The trial court did not err in a negligence case arising out of the representation of plaintiff in the purchase of property by dismissing plaintiff's action based on plaintiff's failure to serve

**ROBERTSON v. PRICE**

[187 N.C. App. 180 (2007)]

defendants with process within the time allowed, because: (1) the issuance of an alias or pluries summons without an indication of its relation to the original summons has the double effect of initiating a new action and discontinuing the original one; (2) when it is desired that the action shall date from the issuance of the original summons, or when it is necessary for it to do so, the successive writs must show their relation to the original process in order to toll the statute of limitations; (3) plaintiff never served defendants with the 14 March 2006 summonses and defendants were not served with the application and order extending time to file complaint until 20 June 2006; (4) although plaintiff filed her complaint on 3 April 2006 within the 20-day extension of time and caused additional civil summonses to be issued against defendants, she did not refer to the original 14 March 2006 summonses on the face of the 3 April 2006 summonses, nor were the 3 April 2006 summonses designated as alias or pluries; (5) although the 12 June 2006 summonses referred to the 3 April 2006 summonses, plaintiff failed to create an unbroken chain from the first summonses to the time of actual service since the 3 April 2006 summonses were not alias or pluries and did not refer back to the 14 March 2006 summonses; and (6) plaintiff's issuance of the 3 April 2006 summonses without an indication of their relation to the original 14 March 2006 summonses had the double effect of initiating a new action and discontinuing the original one, making the new action initiated on 3 April 2006 outside of the three-year statute of limitations period.

Appeal by Plaintiff from order entered 1 December 2006 by Judge Robert D. Lewis, in Superior Court, Buncombe County. Heard in the Court of Appeals 18 September 2007.

*Kelly & Rowe, P.A., by James Gary Rowe, for plaintiff-appellant.*

*Long, Parker, Warren & Jones, P.A., by W. Scott Jones, for defendants-appellees.*

WYNN, Judge.

When a defendant is not served with process within the time allowed, the action may be continued by suing out an alias or pluries summons within 90 days where there is "an unbroken chain from the

**ROBERTSON v. PRICE**

[187 N.C. App. 180 (2007)]

first summons to the time of actual service."[1] Here, because the plaintiff failed to serve the defendants with process within the time allowed and did not create an unbroken chain of summonses referring back to the original summonses, we affirm.

On 2 February 2003, Plaintiff Katherine Robertson entered into an Offer to Purchase and Contract with Graham H. Price for the purchase of real property located in Black Mountain, North Carolina. One of the terms of the contract granted Ms. Robertson a right-of-way to 2.42 acres of land which was part of the total land purchase. Ms. Robertson employed Defendants, Stone and Christy, P.A., William A. Christy, and Bryant D. Webster, to examine the title and represent her in the purchase of the property.

After closing on the purchase of the property on 14 March 2003, Ms. Robertson discovered that the right-of-way specified in the contract had not been conveyed to her. She filed suit against the seller, Graham H. Price, and against Defendants for negligence arising out of their representation of Ms. Robertson in the purchase of the Black Mountain property. Ms. Robertson's claim against Graham H. Price was dismissed and is not the subject of this appeal. Because Defendants' alleged negligence occurred on or before 14 March 2003, the statute of limitations on Ms. Robertson's claims barred any action commenced after 14 March 2006. *See* N.C. Gen. Stat. § 1-52 (2005).

On 14 March 2006, Ms. Robertson filed an application requesting "permission to file a complaint within twenty (20) days" of the order. On that same day, the Clerk of Court granted the order of extension, and issued a "Civil Summons to be Served with Order Extending Time to File Complaint" to each of the three Defendants.

On 3 April 2006, Ms. Robertson filed a complaint and caused Civil Summonses to be issued against Defendants. The record indicates that Ms. Robertson did not serve Defendants with either the "Civil Summons to be Served with Order Extending Time to File Complaint" issued on 14 March or the Civil Summonses issued on 3 April 2006. Moreover, none of the 3 April summonses stated that they were alias or pluries summonses, nor did they refer back to the 14 March summonses.

On 12 June 2006, Ms. Robertson caused additional summonses to be issued against Defendants. The summons issued against Stone &

---

1. *Childress v. Forsyth Cty. Hosp. Auth., Inc.*, 70 N.C. App. 281, 283, 319 S.E.2d 329, 331 (1984); N.C. Gen. Stat. § 1A-1, Rule 4(d)(2) (2005).

ROBERTSON v. PRICE

[187 N.C. App. 180 (2007)]

Christy, P.A. was designated as an alias and pluries summons and referred to 3 April 2006 as the "Date Last Summons Issued." The summons issued against William A. Christy also referred to 3 April 2006 as the "Date Last Summons Issued." The summons issued against Bryant D. Webster did not refer to the 3 April 2006 summons. On 20 June 2006, Defendants were served with copies of the 12 June 2006 summonses and Ms. Robertson's complaint. Attached to Ms. Robertson's complaint were the application and order extending time to file complaint filed 14 March 2006.

On 29 June 2006, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted and lack of jurisdiction. The trial court conducted a hearing on 1 November 2006 and entered an Order granting Defendants' motion to dismiss on 1 December 2006.

Ms. Robertson now appeals, arguing that the trial court erred by dismissing her action. We disagree.

It is well settled that the "summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court." *Childress v. Forsyth Cty. Hosp. Auth., Inc.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984) (citation omitted), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985). "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." *Latham v. Cherry*, 111 N.C. App. 871, 874, 433 S.E.2d 478, 481 (1993), *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994). "In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." *Id.*

Rule 3(a) of our North Carolina Rules of Civil Procedure provides that an action may be commenced by the issuance of a summons when "[a] person makes an application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days." N.C. Gen. Stat. § 1A-1, Rule 3(a) (2005). Rule 3 then provides that "[t]he summons and the court's order [extending time] shall be served in accordance with the provisions of Rule 4." *Id.* Rule 4(c) of our North Carolina Rules of Civil Procedure requires personal or substituted service of a summons "within 60 days after the date of the issuance of the summons." *Id.* at Rule 4(c). However, Rule 4(d) allows for an extension of time for service in a civil action where a plaintiff obtains "an endorsement upon the original summons" or "sue[s] out an alias or pluries summons returnable in the same man-

ner as the original process . . . within 90 days after the date of issue of the last preceding summons in the chain of summonses." *Id.* at Rule 4(d)(2).

The statute's reference to a "chain of summonses" has been interpreted as "an implicit requirement that an alias or pluries summons contain a reference in its body to indicate its alleged relation to the original." *Integon Gen. Ins. Co. v. Martin*, 127 N.C. App. 440, 441, 490 S.E.2d 242, 244 (1997) (internal citation omitted). The issuance of an alias or pluries summons without an indication of its relation to the original summons "has the double effect of initiating a new action and discontinuing the original one." *Id.* Our Supreme Court has held that an improperly issued alias or pluries summons may still be sufficient as an original summons. *Webb v. Seaboard Air Line R.R. Co.*, 268 N.C. 552, 554, 151 S.E.2d 19, 20 (1966) (citation omitted). "But when it is desired that the action shall date from the date of issuance of the original summons, or when it is necessary for it to do so, in order to toll the statute of limitations, the successive writs must show their relation to the original process." *Id.*

Here, Defendants' alleged negligence occurred on or before 14 March 2003. Therefore, the statute of limitations on Ms. Robertson's claims barred any action commenced after 14 March 2006. *See* N.C. Gen. Stat. § 1-52. Ms. Robertson properly initiated her action against Defendants on 14 March 2006, by causing three "Civil Summons to be Served with Order Extending Time to File Complaint" to be issued and obtaining an "Application and Order Extending Time To File Complaint." N.C. Gen. Stat. § 1A-1, Rule 3(a). However, Ms. Robertson never served Defendants with the 14 March 2006 summonses and Defendants were not served with the Application and Order Extending Time to File Complaint until 20 June 2006.

Ms. Robertson filed her complaint on 3 April 2006, within the 20-day extension of time, and caused additional Civil Summonses to be issued against Defendants. However, Ms. Robertson did not refer to the original 14 March 2006 summonses on the face of the 3 April 2006 summonses, nor were the 3 April 2006 summonses designated as alias or pluries.

On 12 June 2006, Ms. Robertson caused additional summonses to be issued against Defendants. One of the three summonses was designated as alias and pluries, and two of the three 12 June 2006 summonses referred to 3 April 2006 as the "date the last summons issued." Defendants were served with the 12 June 2006 summonses,

Ms. Robertson's complaint, and the order extending time to file complaint on 20 June 2006.

Although the 12 June 2006 summonses referred to the 3 April 2006 summonses, because the 3 April 2006 summonses were not alias or pluries and did not refer back to the 14 March 2006 summonses, Ms. Robertson failed to create "an unbroken chain from the first summons to the time of actual service." *Childress*, 70 N.C. App. at 283, 319 S.E.2d at 331. Ms. Robertson's issuance of the 3 April 2006 summonses without an indication of their relation to the original 14 March 2006 summonses had "the double effect of initiating a new action and discontinuing the original one." *Integon*, 127 N.C. App. at 441, 490 S.E.2d at 244; *see also Latham*, 111 N.C. App. at 874, 433 S.E.2d at 481 (holding that defective service of process discontinued plaintiff's original action where plaintiff failed to serve the Rule 3(a) summons and order extending time to file a complaint). The new action initiated on 3 April 2006 was outside of the three-year statute of limitations period. Accordingly, Defendants were not served with appropriate process within the statute of limitations. We affirm.

Affirmed.

Judges HUNTER and JACKSON concur.